UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Arleen Ojeda, <br><br> Plaintiff, <br> v. <br><br> Diversified Adjustment Service, Inc., <br><br> Defendant. | Civil Action No.: 3:16-cv-2913 <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Arleen Ojeda, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Arleen Ojeda ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.    In or around May 2016, Diversified began calling Plaintiff's cellular telephone, number 928-xxx-6844, using an automatic telephone dialing system ("ATDS").

6.    When Plaintiff answered calls from Diversified, she heard silence and there was no one available with whom she could speak.

7.    The foregoing is indicative of a predictive dialer, an ATDS under the TCPA.

8.    Plaintiff never provided her cellular telephone number to Diversified or to the original creditor and never provided consent to receive calls from Diversified on her cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

9.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.   Without prior express consent, Defendant placed automated calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

11.   In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have all the earmarks of a predictive dialer.

13. When Plaintiff answered calls from Defendant, she heard silence.

14. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. The telephone number called by Diversified was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

16. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

17. The calls from Diversified to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 17, 2016

                                             Respectfully submitted,

                                             By */s/ Jenny DeFrancisco*

                                             Jenny DeFrancisco, Esq.
                                             CT Bar # 432383
                                             LEMBERG LAW, L.L.C.
                                             43 Danbury Road, 3rd Floor
                                             Wilton, CT 06897
                                             Telephone: (203) 653-2250
                                             Facsimile: (203) 653-3424
                                             E-mail: jdefrancisco@lemberglaw.com
                                             Attorneys for Plaintiff